**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JOE HAND PROMOTIONS, INC.,

        *Plaintiff*,

  v.

BACKYARD MOVIE THEATERS LLC,
d/b/a BACKYARD MOVIE THEATERS,
*et al.*,

      *Defendants*.

Civil No.: 1:23-cv-03213-JRR

**MEMORANDUM OPINION**

    Plaintiff Joe Hand Promotions, Inc., initiated this action against Defendants Backyard Movie Theaters LLC d/b/a Backyard Movie Theaters ("Backyard") and Joseph A. Lorick ("Lorick") alleging violations of 47 U.S.C. § 605.[1]  Pending before the court is Defendant Lorick's Motion to Dismiss.[2]  (ECF No. 6; the "Motion.")  The court has reviewed all papers.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, by accompanying order, the Motion will be denied.

**I.    BACKGROUND[3]**

    Plaintiff distributes and licenses sporting events commercially.  (ECF No. 1 ¶ 6.)  Plaintiff was granted the exclusive commercial distribution rights to the broadcast of "Triller Presents Mike Tyson vs. Roy Jones Jr" (the "Program"), a professional boxing match that was telecast nationwide on November 28, 2020.  *Id*. ¶ 1.  Plaintiff invested a "considerable amount of time and money in

---

[1] In the alternative, Plaintiff seeks relief under 47 U.S.C. § 553.

[2] As discussed below, the court construes the Motion as one brought under Federal Rule of Civil Procedure 12(b)(7).

[3] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.)  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

building a loyal customer based and retaining customers." *Id.* ¶ 7.  Plaintiff contracted with several commercial venues, in exchange for a fee, "to allow them to exhibit the Program to their patrons." *Id*. ¶ 9.

Plaintiff alleges: "[a]t no time did Plaintiff give Defendants license, permission or authority to receive and exhibit the Program at the Drive-In." *Id.* ¶ 10.  Therefore, Plaintiff alleges that "[b]y unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Program or assisted in such actions. Defendants then unlawfully transmitted, divulged and published said communication, or assisted in unlawfully transmitting, divulging and publishing said communication to patrons at the Drive-In." *Id.* ¶ 11.

On November 27, 2023, Plaintiff filed the Complaint, which sets forth two counts: Violations of 47 U.S.C. § 605[4] (Count I); and in the alternative, Violations of 47 U.S.C. § 553[5] (Count II).  (ECF No. 1 ¶¶ 15-18.)  The prayer for relief seeks: (i) statutory damages for each willful violation of 47 U.S.C. § 605 or, alternatively, statutory damages for each willful violation

---

[4] 47 U.S.C. § 605(a) provides in part:

> Except as authorized by chapter 119, Title 18, no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof . . . . No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

[5] 47 U.S.C. § 553 provides in part: "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

of 47 U.S.C. § 553; (ii) attorney's fees, interests, and costs; and (iii) any other relief to which Plaintiff may be entitled.  *Id.* at 5.

## II.   <u>LEGAL STANDARD</u>

### <u>Federal Rule of Civil Procedure 12(b)(7)</u>

Lorick seeks dismissal of the Complaint on the basis that Plaintiff "failed to name a necessary party in the Complaint, or named the wrong party."  (ECF No. 6 at 1.)

"Rule 12(b)(7) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to join a party in accordance with Rule 19."  *R.-Delight Holding LLC v. Anders*, 246 F.R.D. 496, 498 (D. Md. 2007).  "To determine whether a party should be joined, Rule 19 of the Federal Rules of Civil Procedure sets forth a two-step inquiry, examining: (1) whether the party is 'necessary' to the action under Rule 19(a);[6] and (2) whether the party is 'indispensable' under Rule 19(b)."[7]  *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

Although Rule 12(b)(7) permits dismissal, "[c]ourts are loath to dismiss cases based on

---

[6] Rule 19(a) provides:

> A party is necessary and "shall be joined" if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).

[7] The court considers four factors for indispensability:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED. R. CIV. P. 19(b).

nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens-Ill., Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999); *see Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 250 (4th Cir. 2000) ("Dismissal of a case [for nonjoinder] is a drastic remedy . . . which should be employed only sparingly.").

The burden is on the moving party to "show that the person who was not joined is needed for a just adjudication." *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005) (quoting 7 Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1609 (3d ed. 2001)) (internal quotation marks omitted). "To satisfy this burden, [the moving party] may present evidence outside the pleadings, such as affidavits of persons knowledgeable about the party's interest, and the Court may consider such evidence, as well as evidence of existing alternative state remedies." *R-Delight Holding LLC*, 246 F.R.D. at 499.

### III.    <u>ANALYSIS</u>[8]

Lorick moves for dismissal under Rule 12(b)(7), arguing that Plaintiff either "failed to include a necessary party or named the wrong one." (ECF No. 6 at 1.) Defendant argues that he provided rental equipment for a private event and that "[t]he event was hosted by and paid for by a private party that has not been named in this action." *Id.* In response, Plaintiff contends that it

---

[8] The court notes that the docket does not reflect proof of service for either Defendant. Nonetheless, in the Motion, Lorick does not raise any claim of improper service. *See Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991) ("[B]y failing to raise the defense that service of process was untimely under Rule 4(j) either in a pre-answer motion or, if no such motion is made, then in its answer, a defendant waives that defense and submits to the personal jurisdiction of the court under FED. R. CIV. P. 12(h)(1)(B), unless at the time of service of the answer the defendant did not know that the defense was available."). The court also notes that, in the Motion, Lorick states that "I, Joseph Lorick, on behalf of Backyard Movie Theaters, LLC, et al. request a motion to dismiss." (ECF No. 6.) To the extent Defendant Lorick seeks dismissal on behalf of Backyard, such request is improper because a corporation must be represented by counsel. Local Rule 101.1(a) ("Individuals who are parties in civil cases may only represent themselves . . . . All parties other than individuals must be represented by counsel."); *Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). To the extent Lorick seeks dismissal on behalf of himself, the Motion fails for the reasons set forth herein.

filed suit against the right parties, based on investigation of the facts.  (ECF No. 7 ¶ 2.)

To demonstrate that the private party to which or whom Lorick refers is a necessary party to this action, Lorick "must show either (1) that complete relief among the parties now before this Court cannot be accorded in [the private party's] absence, or (2) that [the private party] claims an interest relating to the subject matter under consideration in this case that would be jeopardized or that would create risk of multiple or inconsistent obligations for the existing parties." *R-Delight Holding LLC v. Anders*, 246 F.R.D. 496, 500 (D. Md. 2007)

The court finds *J&J Sports Productions, Inc. v. Cela* instructive.  139 F. Supp 3d 495 (D. Mass. 2015).  There, the plaintiff asserted claims under 47 U.S.C. § 605 and 47 U.S.C. § 553. *Id.* at 499.  Like Plaintiff here, the plaintiff distributed and licensed sporting events commercially, and was granted the exclusive nationwide commercial distribution rights to a professional boxing match; in turn, the plaintiff granted various commercial entities "the right to exhibit the Program publicly within their respective commercial establishments under sublicensing agreements." *Id.* The defendants moved for dismissal under Rule 12(b)(7), arguing that "the salesperson and the installer who provided them with DirecTV are necessary parties because they are 'the true cause' of [the plaintiff's] harm." *Id.* at 504.

The *Cela* court disagreed:

> That an existing party may pursue or be subject to further litigation against other absent parties has no effect on the analysis under Rule 19(a)(1)(A). *See, e.g., Bacardi Int'l Ltd. v. V. Suarez & Co.*, 719 F.3d 1, 12 (1st Cir. 2013) (noting that "[t]he mere fact, however, that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party") (citation and internal quotation marks omitted); *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) (affirming the refusal to join Visa in a dispute between MasterCard and an international sports association even though both Visa and MasterCard were disputing the same exclusive sponsorship rights and "there [was] no question

that further litigation between Visa and [the sports association], and perhaps MasterCard and Visa, is inevitable if MasterCard prevails in this lawsuit").

In *Gianikos*, National Satellite Sports which had an exclusive license agreement to telecast a boxing match, sued a commercial establishment for broadcasting the match without its authorization. In response, the defendant admitted to broadcasting the match but argued that it had received the match through Time Warner's equipment. *Id*. at *1. The defendant asserted that Time Warner was a necessary party under Rule 19 and moved to dismiss the case. *Id*.

The *Gianikos* court rejected that argument. *Id*. at *2. "Although it appears from the record that [National Satellite Sports] could have brought similar claims against Time Warner, resulting in a larger damage award, this is not the proper inquiry under 19(a)(1)." *Id*. "Rule 19(a)(1) mandates that this Court turn a blind eye to possible further litigation between [National Satellite Sports] and Time Warner, and focus solely on whether complete relief can be afforded parties presently before the Court . . . . [National Satellite Sports] maintains the possibility of full recovery from [the defendant] in the absence of Time Warner." *Id.*

139 F. Supp. 3d at 504.

Relying on *Gianikos*, the *Cela* court concluded that it could accord complete relief between the plaintiff and the defendants, noting that if the defendants were found liable, the issues between the parties would be resolved. *Id.* at 504-505. The court also found that that neither party had identified an absent party who claimed an interest in the action. *Id.* at 505. Thus, the court declined to dismiss the case under Rule 12(b)(7). *Id.*

In the instant case, Lorick fails to show that complete relief among the parties cannot be accorded in the absence of the private party or that the private party (or any absent party) claims an interest relating to the instant case. Indeed, if Defendants are found liable (or not), the issues will be resolved; no other party is necessary to provide relief. FED. R. CIV. P. 19(a)(1)(B); *see R-Delight Holding LLC,* and *Cela, supra; Constructure Mgmt., Inc. v. Berkley Assurance Co.*, No. CV GLR-16-0284, 2017 WL 818717, at *3 (D. Md. Mar. 2, 2017) (concluding that the defendant's

6

argument fails under Rule 19(A)(1)(B) because the defendant "fails to provide any indication that either Integrated or Aegis has claimed any interest relating to the present action"); *Buffkin v. Maruchan, Inc.*, No. 1:14CV3, 2015 WL 860859, at *3 (M.D.N.C. Feb. 27, 2015) ("Another factor dissuading this court from joining [the absent person] is that [he] has not thus far claimed any interest in the present action" (footnote omitted)).   In sum, Lorick fails to demonstrate that the private party "who was not joined is needed for a just adjudication." *See Am. Gen. Life & Accident Ins. Co.,* 429 F.3d at 92 ("The burden of proof rests on the party raising the defense—here, Wood—to 'show that the person who was not joined is needed for a just adjudication.'") (citation omitted)).

## **CONCLUSION**

For the reasons set forth herein, by separate order, Defendant Lorick's 12(b)(7) Motion to Dismiss (ECF No. 6) will be denied.


August 2, 2024                                                                    /S/

                                                                    _____
                                                                    Julie R.  Rubin
                                                                    United States District Judge